UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SHEILA MARIE CONSTANTIN          CIVIL ACTION NO. 6:10-cv-01566

VERSUS                           JUDGE HAIK

MICHAEL J. ASTRUE,               MAGISTRATE JUDGE HANNA
COMMISSIONER OF SOCIAL
SECURITY

## REPORT AND RECOMMENDATION

Before the court is an appeal of the Commissioner's finding of non-disability. Considering the administrative record, the briefs of the parties, and the applicable law, it is recommended that the Commissioner's decision be affirmed.

### BACKGROUND AND THE COMMISSIONER'S FINDINGS

On September 25, 2008, the claimant, Shiela Constantin applied for Medicare Qualified Government Employment Benefits and Supplemental Security Income benefits, alleging in both applications that she became disabled beginning September 18, 2008 due to Crohn's Disease and the absence of one kidney. [Tr. 85,89,131[1]] Constantin is 43 years old, with an 8th grade education.  She is 4'11" tall and weighs 180 pounds. [Tr. 130]  She reads and writes without difficulty, and she has a history of employment as a cook and cashier.  She

---

[1]The transcript of the administrative hearing is made a part of the record at Rec. Doc. 4-2. Pages are numbers at the bottom right corner, and transcript references will be made in this document as Tr. ___.

stopped working September 18, 2008. [Tr. 131]   She has claimed to be totally and permanently disabled according to the guidelines of the Social Security Administration regulations.

The Commissioner initally denied Constantin's claim on November 20, 2008, and she requested a hearing before an administrative law judge. [Tr.42-51, 56-63] Subsequently, at a hearing on her claims on November 17, 2009, testimony was taken from Constantin and an impartial vocational expert, and a decision was issued by Administrative Law Judge Steven C. Graalmann on April 26, 2010, denying the claim. [Tr. 9-14] In his written decision, the ALJ identified the issues before him as whether the claimant is disabled under sections 216(I), 223(d) and 1614(a)(3)(A) of the Social Security Act and whether the claimant was disabled prior to September 30, 2012, the expiration of her eligibility period for Medicare as a qualified federal employee or prior employee. [Tr. 9]

After  considering the evidence, the ALJ determined that Shiela Constantin had not been under a disability within the meaning of the Social Security Act from September 18, 2008 through the date of his decision. [Tr. 9]  Constantin  requested review by the Appeals Council, but the Appeals Council denied her request. [Tr. 1-3]  The denial makes the ALJ's decision the Commissioner's final decision.  This appeal was filed on October 14, 2010. [Rec. Doc. 1]

## ASSIGNMENT OF ERRORS

The claimant asserts that the Administrative Law Judge erred in failing to acknowledge and address medical evidence submitted prior to the ALJ's ruling, which evidence substantiated the claimant's assertions regarding ongoing problems with Crohn's Disease.  She alleges the Appeals Council also erred in failing to address and consider medical evidence submitted to the Appeals Council in connection with a memorandum submitted by the claimant on May 25, 2010.  Finally, Constantin asserts the Commissioner committed reversible in failing to incorporate all evidence submitted and in failing to supply such evidence to the court in this proceeding. [Rec. Doc. 8, pp. 2-3]

## APPLICABLE  LEGAL STANDARDS  AND  SCOPE OF REVIEW

Any individual, after any final decision of the Commissioner of Social Security in which she was a party may obtain a review of the decision by a civil action. 42 U.S.C. 405(g). This court's review of the Commissioner's decision that the claimant is not disabled is limited to determining whether that decision was supported by substantial evidence and whether the proper legal standards were applied in reaching that decision.  *Alfred v. Barnhart*, 181 Fed. App'x 447, 449 (5th Cir. 2006); *Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir. 2001).  The ALJ is entitled to make any finding that is supported by substantial evidence, regardless whether other conclusions are also permissible, and any findings of fact by the Commissioner that are supported by substantial evidence are conclusive and must be affirmed.  *Perez v. Barnhart*, 415 F.3d 457, 461(5th Cir. 2005); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

'Substantial evidence' is such relevant evidence as a responsible mind might accept to support a conclusion; it is more than a mere scintilla and less than a preponderance. *Boyd v. Apfel,* 239 F.3d at 704; *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel,* 239 F.3d at 704.  Finding substantial evidence does not involve a search of the record for isolated bits of evidence that support the Commissioner's decision; instead, the entire record must be scrutinized as a whole. *Singletary v. Bowen*, 798 F.2d at 823. In applying this standard, the court may not re-weigh the evidence in the record, try the issues *de novo,*  or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Boyd v. Apfel,* 239 F.3d at 704; *Carey v. Apfel*, 230 F.3d at 135; *Newton v. Apfel*, 209 F.3d 448, 452(5th Cir. 2000).  The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. *Dellolio v. Heckler*, 705 F.2d 123, 125(5th Cir. 1983). To determine whether the decision to deny social security benefits is supported by substantial evidence, the court weighs the following factors: (1) objective medical facts; (2) diagnoses and opinions from treating and examining physicians; (3) plaintiff's subjective evidence of pain and disability, and any corroboration by family and neighbors; and (4) plaintiff's age, educational background, and work history. 42 U.S.C.A. §405; *Martinez v. Chater*, 64 F.3d 172, 174(5th Cir. 1995).  Any conflicts in the evidence regarding the claimant's alleged disability are to be resolved by the administrative law judge, not the reviewing court. *Newton*

-4-

*v. Apfel*, 209 F.3d 448, 452(5th Cir. 2000).  To make a finding that substantial evidence does not exist, a court must conclude there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343-344(5th Cir. 1988); citing *Hames v. Heckler*, 707 F.2d 162, 164(5th Cir. 1983).

*Disability* is defined in the Social Security regulations as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A). *Substantial gainful activity* is defined as work activity involving significant physical or mental abilities for pay or profit. 20 C.F.R. §404.1572(a)-(b).

In determining whether a claimant is disabled, the Commissioner uses a five-step sequential analysis, which requires analysis of the following:  (1) whether the claimant is currently engaged in substantial gainful activity (i.e., whether the claimant is working); (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing  past relevant work (i.e., whether the claimant can return to his old job); and (5) whether the impairment prevents the claimant from doing any other work. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 271-72 (5th Cir. 2002); *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).  See, also, 20 C.F.R. § 404.1520.

If the Commissioner determines that the claimant is disabled at any step, the analysis ends. 20 C.F.R. § 404.1520(a)(4). If the Commissioner cannot make a determination at any step, she/he goes on to the next step.  20 C.F.R. § 404.1520(a)(4). When assessing a claim for disability benefits in the third step, the medical evidence of the claimant's impairment is compared to a list of impairments presumed severe enough to preclude any gainful work.  *Sullivan v. Zebley*, 493 U.S. 521, 525, 110 S.Ct. 885, 107 L.Ed.2d 967(1990). If the claimant is not actually working and his impairments match or are equivalent to one of the listed impairments, the Commissioner is required to "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. §423(d)(2)(B).   The medical findings of the combined impairments are compared to the listed impairment most similar to the claimant's most severe impairment. *See Zebley*, 493 U.S. at 531, 110 S.Ct. 885.  It is the claimant's burden to prove at step three that his impairment or combination of impairments matches or is equivalent to a listed impairment. *Id.* at 530-31.  For a claimant to demonstrate that his disorder matches an Appendix 1 listing, it must meet all of the specified medical criteria.  An impairment that manifests only some of the specified criteria, no matter how severe, does not qualify. *Id.*   Ultimately, the question of equivalence is an issue  reserved for the Commissioner.  *Spellman v. Shalala*, 1 F.3d 357, 364(5th Cir. 1993).

Before going from step three to step four, the Commissioner assesses the claimant's residual functional capacity. 20 C.F.R. § 404.1520(a)(4). The assessment is a determination

-6-

of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record. 20 CFR § 404.1545(a)(1). The claimant's residual functional capacity is used at the fourth step to determine if the claimant can still do his past relevant work, and at the fifth step, it is used to determine whether the claimant can adjust to any other type of work. 20 CFR § 404.1520(e).  When a claimant's residual functional capacity is not sufficient to permit him to continue his former work, then his age, education, and work experience must be considered in evaluating whether he is capable of performing any other work.  *Boyd v. Apfel,* 239 F.3d 698, 705 (5th Cir. 2001); 20 C.F.R. § 404.1520.  The testimony of a vocational expert is valuable in this regard, as such expert "is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed."  *Fields v. Bowen*, 805 F.2d 1168, 1170(5th Cir. 1986); *see also Vaughan v. Shalala*, 58 F.3d 129, 132(5th Cir. 1995).

The claimant bears the burden of proof on the first four steps, and then the burden shifts to the Commissioner on the fifth step to show that the claimant can perform  other substantial work in the national economy.   If the Commissioner  makes the necessary showing at step five, the burden shifts back to the claimant to rebut this finding. *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.

Impairments that remain constant at all levels of exertion form an important  part of residual functional capacity.  These impairments are called non-exertional impairments,

because the claimant suffers these impairments constantly, whether or not he exerts himself. Allergies are non-exertional impairments, and may be severe.  Intolerance to stress may also be a non-exertional impairment.  Side effects from medications have also been included in consideration as non-exertional impairments.  Pain can be a non-exertional impairment when it exists whether or not the claimant is exerting himself in physical activities.

## Analysis and Discussion

*The Administrative Record:*

Shiela Constantin completed the Function Report and Disability Report on October 23, 2008. [Tr. 113-120, 130-136] She described in detail her symptoms and their effect on her abilities to do household work and to be employed.  In the Work History Report, she also recited in some detail her work history as a cook and cashier. [Tr. 121-129]  Medical Records in the administrative record filing by the Commissioner include treatment of Shiela Constantin at Texas Childrens Hospital from February 21, 1996 to April 26, 2006 and LSU University Medical Center, from July 26, 2008 to June 5, 2009.  Constantin was treated at the Texas Childrens Hospital  as a young child beginning in 1971 when diagnosed with Langerhan's Histiocytosis of the left anterior parietal bone.  She was treated with medications including Prednisone and radiation, completing therapy in September, 1973 at age 5. [Tr. 217]  Years later, as an adult, she returned to the hospital's Long Term Survivors Clinic. In March, 1996, she described symptoms of vomiting, diarrhea, constipation and headaches.  She also described prior emergency room treatment for hypertension.  At that

time she apparently learned that she has only one kidney. [Tr. 215] In April, 2006, Crohn's disease was noted as a possible diagnosis related to the claimant's reports of GI bleeding and history of anemia. Constantin reported that she had been living in Louisiana and started having Crohn's type symptoms in August, 2005. She reported she had been to the ER a total of 10 times since September, 2005 and was admitted to the hospital twice(11/05, 1/06) for 3-4 days each time.  She reported she had not had a job since March, 2006. [Tr. 158-160]

On July 26, 2008, Constantin was admitted to University Medical Center for five days for Crohn's exacerbation, hypokalemia and hypertension.  She reported bloody diarrhea 20 times a day.  Cardiac studies were done during the hospitalization and it was determined that the claimant's high blood pressure was associated with steroid use. [Tr. 251] On September 20, 2008, Constantin was admitted to University Medical Center for four days for exacerbation of Crohn's Disease, acute renal failure and hypertension. [Tr. 243]  On October 6, 2008, the claimant reported to her doctors that she felt good, without complaints, referencing her Prednisone use at that time.  History notes referenced hospital admissions in the past 8 weeks for one week each time for exacerbation of Crohn's and recent discontinuance of Prednisone. [Tr. 234, 237-38] On November 17, 2008, Constantin was seen in the medicine clinic at UMC with complaints of stomach cramping, diarrhea, and weakness for over a week.  She reported her Crohn's symptoms were worsening, which she related to the end of her Prednisone medication. [Tr. 228-230]

Constantin visited the UMC diabetes client on January 6, 2009. [Tr. 292] She was hospitalized February 18-21, 2009 with diagnoses of Crohn's disease exacerbation, hypertension, and steroid-induced diabetes mellitus. [Tr. 313-318]  On March 16, 2009, Constantin visited the UMC Internal Medicine Clinic, reporting body aches and bloody bowel movements. [Tr. 286] On March 31-April 1, 2009, the claimant visited the Family Medicine Center at UMC, reporting her hospitalization on month earlier.  She complained of lower back pain aggravated by housework, but she reported no diarrhea or nausea. There were notations of headaches and dizziness episodes in the previous week, along with chest pain.   Diagnoses of Crohn's Disease, hypertension(controlled), steroid-induced diabetes(stable), impaired renal function and chest pain were noted. [Tr. 283-84] She was admitted to the hospital overnight, with principal diagnoses of pre-renal renal failure, dehydration, Crohn's disease and hypertension. [Tr. 308-09] On May 21-24, 2009 , the claimant was admitted to UMC through the emergency room for a reported Crohn's flare up, described cramping, nausea and diarrhea 10-12 times a day. She reported her last episode of hospitalization was one and a half months earlier. Impressions were recorded of exacerbation of Crohn's, dehydration, hypertension, mild hypokalemia, dyslipidemia[Tr. 297-302] On June 1, 2009, Constantin visited the Family Medicine Clinic at UMC, reporting hospitalization at American Legion Hospital in May, 2009 for four days for Crohn's exacerbation and a reported "seizure episode." A colonoscopy was scheduled. [Tr. 273-74] Notations from that visit indicated that "she feels better," with improvement reported in

abdominal pain and diarrhea. [Tr. 273] Progress Notes from UMC diabetes clinic on June 5, 2009 indicate that Constantin "feel fine." [Tr. 271]

Th record also contains a Physical Residual functional Capacity Assessment done by Lyn Cruthirds on November 20, 2008. [Tr. 262-269] Exertional limitations for the claimant were noted to include the occasional lifting/carrying of 20 lbs, frequent lifting/carrying of 10 lbs, standing/walking about 6 hours in a workday, sitting about 6 hours in a workday, unlimited pushing/pulling and operation of hand/foot controls, with the notation that the claimant's Crohn's diagnosis prevents heavy lifting. [Tr. 263] She could occasionally climb ramps or stairs, but not ladders; she could do occasional balancing, stooping, kneeling, crouching and crawling, with limitations associated with Crohn's. [Tr. 264]  According to the medical consultant, the claimant has an MDI which can account for some of her reported symptoms and limitations, "and her statements are credible." According to the consultant, Constantin retains the ability to do some types of work in spite of limits. [Tr. 267]

*The Administrative Hearing:*

At the administrative hearing on November 17, 2009, all medical records and other documents were received into evidence without objection.  At that time, Constantin's attorney presented additional documents which he asserted referenced records from June 15, 2009, July, August and September, 2009, expressing concern that those documents were not included in the record presented by the ALJ. [Tr. 24-25] To ensure completenesss of the record, the ALJ suggested that the clamant resubmit the whole record. [Tr. 25] The hearing

-11-

transcript confirms that the parties agreed that the record would be held open to allow for submission of additional medical records by the claimant. [Tr. 34]

*Shiela Constantin* testified at the hearing.  She stated she was 41 years old; she was 4'11' tall and weighed 180 pounds.   She has an eighth grade education, and she has no difficulty with reading and writing. [Tr. 27] She has a valid driver's license, although she had stopped driving as of the hearing date due to seizure precautions. [Tr. 33]  She has a history of work as a nursing home cook and cashier. [Tr.27, 132] She last worked in October, 2008. [Tr. 27] She describes her current physical problems to include abdominal pain, diarrhea, and rectal bleeding from Crohn's disease, diagnosed approximately three years before. [Tr. 29-30, 32] She estimates she had 10-12 such attacks in the year before the hearing. [Tr. 30] She typically visits the hospital emergency room, where she is given fluids and antibiotic treatment before discharge.  Occasionally, she is kept overnight. [Tr. 30-31] Attacks/flare ups last about a week. [Tr. 31] At such times, Constantin testified she cannot leave her bed, and her household activities are limited, requiring help from her daughters with cooking and cleaning. [Tr. 32, 36] She has no hobbies and she is not socially involved with friends or activities outside her home. [Tr. 332]  Constantin also described a history of seizure activity, the last episode occurring on May 27, 2009. [Tr. 32] During her last employment, she missed work in two week periods when she experienced a flare up. [Tr. 37] When she takes Prednisone, here symptoms abate; when she tapers off the medication, her symptoms return as flare-ups. [Tr. 36]

The claimant's medical treatment is provided through University Medical Center.  Her last UMC visit before the hearing was two months earlier, when she had had a colonoscopy. [Tr. 33] Her last overnight hospitalization was 4-5 months earlier. [Tr. 34] In the past couple of months, with a change in medications, her condition has gotten better. [Tr. 38]  In response to questions, Constantin indicated that on a good day, she can walk about four blocks; she can stand 30-45 minutes, and she can sit 30-45 minutes before she must stand. She estimates she can life 20-30 pounds. [Tr. 34-35] She believes the main obstacle to her being able to work is her need to go back and forth to the bathroom. [Tr. 35]

*Harris Rowzie* testified as a vocational expert, without objection or challenge by the claimant. [Tr.38] He studied Ms. Constantin's vocational history and listened to her hearing testimony, and he identified work done by the claimant in the past by exertional and skill levels, including positions as a cashier(light work), and cafeteria cook(medium work). He identified skills transferable to short order cook; there were no skills transferable to sedentary work. [Tr. 39]

The ALJ posed hypothetical questions to the VE, asking that he assume a person of the claimant's age, education and vocational experience who would be limited to light work, with the additional limitations of seizure restrictions(no work  at heights or with dangerous or moving machinery and no driving duties). [Tr. 40]  With those restrictions, the VE opined such a person could return to a cashier's position. [Tr. 40] If the hypothetical were expanded

to include irregular absences from work, up to three days a month, the VE opined there would be no jobs in the national economy such a person could perform. [Tr. 40]

At the close of the hearing, the record was kept open for receipt of additional medical records to be reviewed by the ALJ before issuing a written opinion. [Tr. 40]

*The ALJ Determination:*

The record  demonstrates that the ALJ followed the requisite five step sequence in analyzing the claims of Shiela Constantin.  At step one, he determined that the claimant has not engaged in substantial gainful activity since September 18, 2008, the alleged onset date. [Tr. 11]  At step two, he determined that the claimant has the severe impairments of Crohn's disease and seizure disorder(20 CFR 404.1520(c) and 416.920(c)). [Tr. 11]  At step three, he found that Constantin does not have an impairment or combination of impairments that meets or medically equals a listed impairment in 20 C.F.R., Part 404, Subpart B, Appendix 1. [Tr. 11]   Specifically, the ALJ noted that the claimant advanced no argument that her condition met or equaled the criteria for any condition listed in Appendix 1, nor is it apparent on the face of the record that the claimant's condition is disabling per se. [Tr. 11] The ALJ referenced his consideration of the opinions of examiners with DDS who evaluated the claimant and reached the same conclusion. The ALJ found that Constantin had failed to discharge her burden of proof at this step, making it unnecessary for the Commissioner to submit conflicting evidence. [Tr. 11-12]

Before proceeding to step four, the ALJ arrived at the residual functional capacity for the claimant, including lifting, bending, standing/walking and other restrictions associated with the claimant's impairment, and he found that Shiela Constantin has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant is unable to work around hazards such as heights or dangerous machinery. [Tr. 12] In making that finding, the ALJ applied the requisite two-step process to find that (1)while there is an underlying medically determinable physical impairment which could reasonably be expected to produce the claimant's symptoms, (2)the claimant's statements concerning the intensity, persistence and limiting effects of those symptoms are not credible to the extent they are inconsistent with the RFC assessment. [Tr. 12] The ALJ cited to Constantin's history of complaints of GI bleeding and diarrhea since 2005-06, with emergency room treatment, but no hospitalization during that time period. [Tr. 12-13] He noted the series of Crohn's disease exacerbations beginning July 26, 2008, resulting in hospitalizations July 26-31, 2008, September 20-24, 2008, February 18-21, 2009, and May 21-24, 2009. [Tr. 13] Each time, Constantin responded well to treatment with medication and was released in improved condition.   The ALJ noted that at the time of the hearing, the claimant had not required any further hospitalization for Crohn's exacerbation.   On this record, the ALJ concluded that from July, 2008 through May, 2009, Constantin's Crohn's disease was difficult to control. [Tr. 13] However, with medication adjustment and other treatment, the frequency of exacerbations had significantly declined and the claimant's

condition had improved. With that improvement, the ALJ found that the record provides no basis to find the claimant incapable of performing at least light work. [Tr. 13] As to Constantin's seizure record, the ALJ referred to an EEG performed on June 15, 2009, which indicated that the claimant's condition was not considered an epileptiform condition. Nevertheless, the ALJ found that the claimant should avoid heights or dangerous machinery in a work setting, "in an abundance of caution." [Tr. 13] With those restrictions, and after considering all the evidence, the ALJ concluded that Constantin retains the ability to perform light work.

At step four, with the testimony of the vocational expert, the ALJ  further concluded that Constantin is capable of performing past relevant work as a cashier, which work does not require performance of work-related activities precluded by the RFC. [Tr.13]  On that conclusion, the claim was denied at step four.  The ALJ recorded the decision that Shiela Constantin is not disabled under sections 216(I) nd 223(d) of the Social Security Act relative to her application for Medicare Qualified Government Employment Benefits, and she is likewise not disabled under section 1614(a)(3)(A) relative to her application for supplemental security income benefits. [Tr. 14]

As set out above, this Court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021(5th Cir. 1990).  It is well-settled that the Commissioner's decision is not supported by substantial evidence when the

decision is reached by applying improper legal standards.  *Singletary v. Bowen*, 798 F.2d 818(5th Cir. 1986).

When "the existing medical evidence is inadequate to make an informed disability determination, the Commissioner has a duty to develop the record by recontacting a claimant's medical sources  or by referring the claimant for a consulting exam."*Jessee v. Barnhart*, 419 F.Supp.2d 919, 933-34 (S.D. Tex. 2006). When a "claimant does not provide sufficient evidence, the ALJ must make a decision based on the available evidence." *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989).  In this case, the ALJ made a disability determination based on the evidence in the record.  On review of the decision, to make a finding that substantial evidence does not exist, a court must conclude there is a "conspicuous absence of credible choices" or "no contrary medical evidence."  *Johnson v. Bowen*, 864 F.2d 340, 343-344(5th Cir. 1988); citing *Hames v. Heckler*, 707 F.2d 162, 164(5th Cir. 1983).  Applying that standard, the undersigned finds that the decision is based on substantial evidence.

**The claimant's submission of 'new' evidence does not support remand.**

Shiela Constantin challenges the decision of the ALJ based upon her contention that the decision is based on an incomplete medical evidence record.  This  court's review of the Commissioner's decision is typically limited to the certified record prepared by the Commissioner in accordance with 42 U.S.C. §405(g). *Greenspan v. Shalala*, 38 F.3d 232, 236(5th Cir. 1994). On appeal, Constantin urges that through her attorney she sought to

supplement the hearing record with additional medical documentation, which submissions did not/do not appear in the administrative record submitted to the court.  Specifically, the claimant references her treatment in June, August, and September, 2009, which record she asserts belies the  notion that as of the date of the ALJ's decision, Constantin was improved relative to her Crohn's disease issues. The records are attached to the appellant's brief as Ex. A. [Rec. Doc. 8-1, pp. 2-35] They document emergency room and/or clinic visits to University Medical Center June 15, 2009(follow-up visit; no complaints), June 21, 2009(allergic reaction to medication), June 29, 2009(complaints of right flank pain), July 8, 2009(complaints of rectal bleeding and diarrhea), July 17, 2009(follow-up visit after seizure with references to "well-controlled" Crohn's Disease and hypertension), August 10, 2009(complaints of rectal bleeding for two days).  While these records are not contained in the administrative record submitted to the court by the Commissioner, Constantin has submitted a copy of an electronic tracking document generated by the SSA relative to timestamp submissions of medical evidence on August 5, 2009 at 17:36 EDT[Rec. Doc. 8-2, p. 24] and September 29, 2009 at 14:43 p.m. EDT. [Rec. Doc. 8-1, p. 1] According to the tracking documents, the records were submitted before the hearing date.  There is nothing in the record to suggest that the documents were seen or considered by the ALJ in rendering his decision.

Additional records, for the period from September, 2009 through December, 2009 were submitted by Constantin for the first time to the Appeals Council on May 25, 2010.

[Rec. Doc. 8-2, pp. 1-24] Those records document emergency room and/or clinic visits to UMC on September 9, 2009(complaints of abdominal pain and diarrhea for four days without bloody stool), November 18, 2009("feels better after the change of meds"), December 7, 2009("feels better. No diarrhea/blood in stools").

Constantin asserts that the medical evidence, unaddressed and unacknowledged by the ALJ or the Appeals Council, substantiated ongoing problems with Crohn's disease experienced by the claimant and supportive of her disability claims. In the instant case, the undersigned confirms, as do all parties, that the medical evidence described above is not in the administrative record. Constantin urges remand of the matter for consideration of the 'new' evidence; the Commissioner urges that even though the evidence at issue is not in the administrative record, remand is not warranted since the evidence does not meet the requirements set out in 42 U.S.C. §405(g). Literally, §405(g) permits remand for additional evidence "only upon a showing that there is new evidence which is material and that there is good cause [for] the failure to incorporate such evidence in the record...." *Kane v. Heckler*, 731 F.2d 1216, 1220(5th Cir, 1984). The new evidence must first be "new" and not merely cumulative of what is already in the record; it must be relevant, probative, and likely to have changed the outcome of the Commissioner's determination. *See Pierre v. Sullivan*, 884 F.2d 799, 803(5th Cir. 1989). The mere fact that a medical report is of recent origin is not enough to meet the good cause requirement. *Bradley v. Bowen*, 809 F.2d 1054, 1058(5th Cir. 1987). Applying this standard to the 'new' evidence made subject of this appeal, the undersigned

notes that the claimant has submitted documentary indications that medical evidence was electronically transmitted for consideration by the ALJ on August 5 and September 29, 2009, <u>before</u> the hearing date, and a record discrepancy regarding medical evidence was noted by Constantin's attorney during the hearing, as discussed above. There is no indication, however, that Constantin sought to correct the discrepancy or submit new evidence after the hearing and before the issuance of a decision by the ALJ.  That effort was not made until one month after the issuance of the decision on April 26, 2010. [Rec. Doc. 8-2, p. 1] On that basis, the undersigned does not find good cause [for] the failure to incorporate such evidence in the record.

The "new" evidence, even if it were to be allowed into the administrative record, is not supportive of Constantin's claim of disability such that it would likely affect the outcome of the Commissioner's determination.  The medical records contain no documentation of hospitalization or worsening of the claimant's conditions as described in the record.  In fact, the records confirm the improvement in Constantin's Crohn's condition with proper medications.  The records do nothing to challenge the ALJ determination that the claimant failed to establish that she had a physical or mental impairment lasting at least 12 months and preventing her from engaging in substantial gainful activity.  On this record, the undersigned cannot justify remand, since the effort by the claimant and the evidence sought to be added to the record does not satisfy the requirements set out in §405(g).

***The ALJ was not required to rely on a vocational expert at step four.***

Constantin next raises the issue of the ALJ's questioning of the vocational expert during the administrative hearing, asserting that the ALJ's hypothetical questions to the VE contradict his findings regarding  the claimant's residual functional capacity and her ability to perform her past relevant work. [Rec. Doc. 8, p. 5] It is true that the ALJ posed hypothetical questions to the vocational expert at the hearing, based upon the RFC that the claimant could perform light work, restricted by the inability to work at heights or with dangerous or moving machinery.  With those restrictions, the VE confirmed that Constantin could perform her past relevant work as a cashier. [Tr. 40] When asked to assume that the claimant would miss work on an irregular basis, up to three days a month, the VE opined that such a person would be unable to work in the national economy. [Tr. 40] The statement by the VE must be considered in context and not in isolation.  First, the undersigned notes that the ALJ was not required to rely on the VE at all at step four, since an expert is not needed if the ALJ concludes that a claimant could return to her past relevant work. *See Williams v. Califano*, 590 F.2d 1332, 1334(5th Cir. 1979).  The use of a vocational expert is appropriate only if the analysis moves to step five and a determination must be made of whether the claimant's skills can be used in other work and of what other specific jobs are possible for the claimant and available to her. 20 CFR §404.1566(e).  The record also demonstrates that the ALJ did not accept the notion that Constantin would have to miss work on an irregular basis, finding that the claimant's statements concerning the intensity, persistence and limiting effects of her symptoms are not credible to the extent they are inconsistent with the residual

functional capacity assessment. [Tr. 12]  Since hypothetical questions need only include limitations accepted by the ALJ, it is not significant that the ALJ rejected the VE's testimony regarding irregular absences from work in reaching his decision. *Bowling v. Shalala*, 36 F.3d 431, 436(5th Cir. 1994); *Owens v. Heckler*, 770 F.2d 1276, 1282(5th Cir. 1985).  The undersigned finds no reversible error here.

### CONCLUSIONS AND RECOMMENDATION

For the reasons explained above, the undersigned determines that the findings of the ALJ are supported by substantial evidence in the record and the proper standards were applied in the evaluation of that evidence.  Therefore,

**IT IS THE RECOMMENDATION** of the undersigned that the decision of the Commissioner be AFFIRMED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted

by the district court, except upon grounds of plan error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Lafayette, Louisiana, this 13th day of March, 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

-23-